UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KAIJA FELLMAN LOPEZ, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:25-cv-00456-SDN |
| | ) | |
| MAINE DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW OF PLAINTIFF'S COMPLAINT**

Plaintiff alleges the Maine Department of Health and Human Services (DHHS) and two of its employees violated her constitutional rights and discriminated against her regarding the custody of her children. (Complaint, ECF No. 1.) With her complaint, Plaintiff filed an application to proceed without prepayment of fees, (Application, ECF No. 3), which application the Court granted. (Order, ECF No. 5.) In accordance with the statute governing actions filed without the prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

## FACTUAL ALLEGATIONS

The allegations in Plaintiff's complaint are summarized as follows:

In October 2024, Plaintiff voluntarily entered a detoxification program. While Plaintiff was sedated with prescription medication, two DHHS employees pressured

Plaintiff to enter a residential treatment facility designated by the detoxification program staff, and to sign a temporary guardianship form transferring custody of her children to her brother. Plaintiff entered the residential treatment program and partial hospitalization program. During her time in residential treatment, Plaintiff attempted to contact Defendants, but they did not respond. Plaintiff asserts that she complied with all clinical recommendations, but Defendants maintained that she had failed to enter sober living. Defendants relied on statements from Plaintiff's sister-in-law rather than the opinions of medical professionals.

Shortly before discharge from the program in December 2024, Plaintiff was told that her case would be closed, but on the next day, Defendants rescinded that statement and required further documentation. At a family meeting that Defendants convened, Defendants accused Plaintiff of being untruthful and demanded that her therapist provide parenting recommendations and confidential treatment notes. When the therapist refused to release the treatment notes, Defendants advised that they had obtained records from therapists in other cases.

In January 2025, Plaintiff's children were returned to her care, but she did not receive an official notice closing the case. Shortly thereafter, Defendants issued findings of severe abuse and neglect that were not raised previously. The findings were in a letter sent to an incorrect address, which delayed Plaintiff's receipt of the notice until April 2025. Defendants' findings were later overturned on appeal. Plaintiff filed a Freedom of Access Act request and a civil suit in state court. The records request was denied, and the civil suit was dismissed on immunity grounds.

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding without prepayment of fees, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Solutions*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

The *Rooker-Feldman* doctrine[1] prohibits "the lower federal courts from exercising jurisdiction over cases brought by" parties who lost in state court and who are "challenging state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quotation marks omitted), because "the proper forum for challenging an unlawful state court ruling" is the state appellate system followed by a petition for review by the United States Supreme Court. *Davison v. Government of Puerto Rico-Puerto Rico Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006); 28 U.S.C. § 1257. Because Plaintiff evidently seeks the same or similar relief that she sought in her unsuccessful state court civil suit, the *Rooker-Feldman* doctrine bars her claims in federal court.

Even if the *Rooker-Feldman* doctrine does not entirely defeat federal jurisdiction, issue preclusion and claim preclusion principles, which limit a plaintiff's ability to obtain relief in federal court after an unsuccessful result in state court, would appear to preclude Plaintiff's claim in this case. The general rule of issue preclusion "is that when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *B & B Hardware, Inc. v. Hargis Industries, Inc.*, 575 U.S. 138, 148 (2015) (quotation marks and modifications omitted). Under the doctrine of claim preclusion, when a later suit "arise[s]

[1] *See generally*, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

from the same transaction . . . or involves a common nucleus of operative facts" as an earlier suit, "the earlier suit's judgment prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.*, 590 U.S. 405, 412 (2020) (cleaned up). Plaintiff acknowledges that she filed a civil suit in state court based on her interactions with DHHS. Issue and claim preclusion, therefore, bar Plaintiff from asserting here claims based on the same circumstances.

Even if there were no obstacles to this Court's consideration of Plaintiff's claims, the allegations are insufficient to state a plausible federal claim. In one claim, Plaintiff asserts that Defendants violated her right to due process by coercing her to take certain actions to regain custody of her children. The Fourteenth Amendment prohibits state deprivations of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. This protection has both substantive and procedural components. *Amsden v. Moran*, 904 F.2d 748, 753–54 (1st Cir. 1990). In either context, "a plaintiff, as a condition precedent to stating a valid claim, must exhibit a constitutionally protected interest in life, liberty, or property." *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 8 (1st Cir. 2005).

The procedural component of the due process guarantee "normally requires notice and an opportunity for some kind of hearing" but "[w]hether the opportunity needs to be furnished before the seizure or whether a post-seizure opportunity is sufficient depends on the circumstances." "The substantive component of the Due Process Clause is violated by

executive action when it can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." *Espinoza v. Sabol*, 558 F.3d 83, 87 (1st Cir. 2009) (quotation omitted); *see also Pagan v. Calderon*, 448 F.3d 16, 32 (1st Cir. 2006) (conduct must be "extreme and egregious," "truly outrageous, uncivilized, and intolerable," "stunning"). Plaintiff's assertion that her grant of temporary guardianship to her brother due to pressure from Defendants would not support a substantive due process or procedural due process claim.

"The substantive component of the Due Process Clause is violated by executive action when it can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." *Espinoza v. Sabol*, 558 F.3d 83, 87 (1st Cir. 2009) (quotation omitted); *see also Pagan v. Calderon*, 448 F.3d 16, 32 (1st Cir. 2006) (conduct must be "extreme and egregious," "truly outrageous, uncivilized, and intolerable," "stunning"). Defendants' alleged conduct cannot reasonably be viewed as "extreme and egregious," "truly outrageous, uncivilized, and intolerable."

As to the procedural due process claim, Plaintiff's allegations implicate the Supreme Court's reasoning in *Parratt v. Taylor*, 451 U.S. 527 (1981), *Hudson v. Palmer*, 468 U.S. 517 (1984), and *Zinermon v. Burch*, 494 U.S. 113 (1990). The so-called *Parratt-Hudson* doctrine provides:

> So long as a state has not set up a scheme so open-ended it invites unwarranted uses of summary process, *see Zinermon*, 494 U.S. at 138, and so long as a state provides an adequate after-the-fact remedy for any wrongful summary action, *see Parratt*, 451 U.S. at 543–44, allegations of the kind of "random and unauthorized" mistakes in application that those who work in

> government sometimes make are not enough to state a procedural due process claim, *Hudson*, 468 U.S. at 533.

*South Commons Condominium Association v. Charlie Arment Trucking, Inc.*, 775 F.3d 82, 89 (1st Cir. 2014) (alternate citations omitted). Plaintiff has not alleged an actionable procedural due process claim because (1) Plaintiff does not challenge the adequacy of the procedures provided by a state or local policy or rule, and (2) Plaintiff does not allege the absence of state remedies for the alleged violation, which remedies are evidently available.

Plaintiff also asserts that the individual defendants retaliated against her for the inquiries of and complaints to their superiors. To state a First Amendment retaliation claim, a plaintiff "must show that [the plaintiff] engaged in protected activity, that defendants took an adverse action against [the plaintiff] that would deter a [person] of ordinary firmness from continuing to engage in that conduct, and that there is a causal link between the protected activity and the adverse action." *Turner v. Wall*, No. 18-1869, 2020 WL 5543935, at *1 (1st Cir. May 5, 2020).

Plaintiff has arguably alleged facts that would support a finding that she engaged in protected conduct and that she suffered an adverse consequence—a restriction on her contact with her children. Plaintiff, however, has not alleged sufficient facts to support a finding that she suffered the adverse consequence due to the complaints rather than for other reasons. First, Plaintiff provides few details regarding the substance of her complaints and thus an inference of retaliation is not apparent. Furthermore, Plaintiff alleges she was deprived of contact with her children before she made the complaints. Without more, "the Complaint does not 'support a fact-based inference' that the . . .

Defendants' actions were anything other than routine actions undertaken by [government] officials in the exercise of their responsibilities." *Powell v. City of Pittsfield*, No. CV 18-30146-MGM, 2020 WL 7700123, at *10 (D. Mass. June 29, 2020) (assuming adverse consequences followed protected speech but there was insufficient support to infer retaliatory motive) (quoting *Campagna v. Massachusetts Department of Environmental Protection*, 334 F.3d 150, 155 (1st Cir. 2003 and citing *Air Sunshine, Inc. v. Carl*, 663 F.3d 27, 36 (1st Cir. 2011)).

Plaintiff also seeks relief under the Americans with Disabilities Act (ADA) and the Rehabilitation Act of 1973. The ADA and Rehabilitation Act "provide, in nearly identical language, that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Nunes v. Mass. Department of Corrections*, 766 F.3d 136, 144 (1st Cir. 2014) (quotation marks omitted).[2] "To state a claim for [disability discrimination], a plaintiff must allege: (1) that [the plaintiff] is a qualified individual with a disability; (2) that [the plaintiff] was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits or discrimination was by reason of [the plaintiff's] disability." *Toledo v.*

[2] Title II prohibits such conduct by public entities. 42 U.S.C. § 12132. Title III prohibits discrimination in places of public accommodation. 42 U.S.C. § 12182(a). Section 504 of the Rehabilitation Act prohibits discrimination under any program or activity receiving federal financial assistance. 29 U.S.C. § 794(a).

*Sanchez*, 454 F.3d 24, 31 (1st Cir. 2006). Assuming Plaintiff's allegations regarding her substance use were sufficient to establish that she suffers from a disability, the claim under the ADA and Rehabilitation Act still fails because there are no facts from which a fact finder could plausibly infer that Defendants acted out of discriminatory animus.

Finally, Plaintiff alleges a state tort claim for negligence. Because Plaintiff has not stated a federal claim, the Court should not exercise supplemental jurisdiction over the alleged state law claim. *See Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims"). Accordingly, dismissal of the matter is warranted.

## CONCLUSION

After a review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915, for the reasons explained herein, I recommend the Court dismiss the complaint.

## NOTICE

> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.
>
> Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 12th day of November, 2025.