UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KAIJA FELLMAN LOPEZ, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:25-cv-00456-SDN |
| | ) | |
| MAINE DEPARTMENT OF HEALTH | ) | |
| AND HUMAN SERVICES, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff alleged the Maine Department of Health and Human Services (DHHS) and two of its employees violated her constitutional rights and discriminated against her regarding the custody of her children. (Complaint, ECF No. 1.) With her complaint, Plaintiff filed an application to proceed without prepayment of fees, (Application, ECF No. 3), which application the Court granted. (Order, ECF No. 5.) In accordance with the statute governing actions filed without the prepayment of fees, 28 U.S.C. § 1915(e)(2), I conducted a preliminary review of Plaintiff's complaint and recommended dismissal. (First Recommended Decision, ECF No. 6.) Plaintiff objected to the first recommended decision and amended her pleading. (Objection, ECF No. 7; Amended Complaint, ECF No. 10.)

Because Plaintiff has filed an amended complaint, I withdraw the first recommended decision as moot and conduct a preliminary review of the operative

pleading. Following a review of Plaintiff's amended complaint, I recommend the Court dismiss the case.

## FACTUAL ALLEGATIONS

The allegations in Plaintiff's amended complaint[1] are summarized as follows:

In October 2024, Defendants initiated a child welfare investigation based on alleged events involving Plaintiff and her minor children. Plaintiff voluntarily entered a detoxification and treatment program. While Plaintiff was medicated, two DHHS employees pressured Plaintiff to enter a residential treatment facility selected by others, and to sign a temporary guardianship form transferring custody of her children to her brother. Plaintiff entered the residential treatment program and partial hospitalization program. During her time in residential treatment, Plaintiff attempted to contact Defendants, but they did not respond. Plaintiff asserts that she complied with all clinical recommendations, but Defendants relied on statements from a family member rather than the opinions of medical professionals, and Defendants accused her of dishonesty.

Shortly before discharge from the program in December 2024, Plaintiff was told that her case would be closed, but on the next day, Defendants rescinded that statement and required further documentation. At a family meeting that Defendants convened, Defendants accused Plaintiff of being untruthful and demanded that her therapist provide parenting recommendations and confidential treatment notes. When the therapist refused

---

[1] Although Plaintiff filed a separate amended complaint and did not explicitly incorporate in the amended complaint the allegations asserted in the original complaint, I have considered the allegations in both pleadings. Some of the allegations that are summarized, therefore, are derived from the original complaint.

2

to release the treatment notes, Defendants advised that they had obtained records from therapists in other cases.

On January 1, 2025, Plaintiff's children were returned to her care, but she did not receive an official notice closing the case. On January 30, 2025, Defendants issued findings of severe neglect based on October 2024 events. The findings were in a notice sent to an incorrect address, which delayed Plaintiff's receipt of the notice until April 29, 2025. Defendants acknowledged the error and confirmed that the deadline to appeal would run from the date of actual receipt.

On May 9, 2025, Plaintiff filed an administrative appeal. On May 21, 2025, DHHS issued a written decision overturning Defendants' findings.

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding without prepayment of fees, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640

F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Solutions*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

Plaintiff alleged in her original complaint that she had filed a Freedom of Access Act request and a civil suit in state court, that the records request was denied, and that the civil suit was dismissed on immunity grounds. In the first recommended decision, I noted that dismissal appeared to be required under the *Rooker-Feldman* doctrine[2] and preclusion principles[3] because Plaintiff had evidently pursued similar claims against a similar set of

---

[2] The *Rooker-Feldman* doctrine, named after *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), prohibits "the lower federal courts from exercising jurisdiction over cases brought by" parties who lost in state court and who are "challenging state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quotation marks omitted), because "the proper forum for challenging an unlawful state court ruling" is the state appellate system followed by a petition for review by the United States Supreme Court. *Davison v. Government of Puerto Rico-Puerto Rico Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006); 28 U.S.C. § 1257.

[3] The general rule of issue preclusion "is that when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *B & B Hardware, Inc. v. Hargis Industries, Inc.*, 575 U.S. 138, 148 (2015) (quotation marks and modifications omitted). Under the doctrine of claim preclusion, when a later suit "arise[s] from the same transaction . . .

defendants and the state court denied essentially the same relief that she seeks in federal court.

Plaintiff omitted from her amended complaint the allegations about the state court proceedings. In her objection, however, Plaintiff clarified that the state court denied her freedom of access claim as moot when the documents she sought were provided to her, that the other claims Plaintiff asserted in state court were based only on state law (negligence, a state law due process violation, and negligent infliction of emotional distress), and that the claims were dismissed because the state court defendants were found to be immune under state law. Because Plaintiff's clarification mitigates to some extent the threshold obstacles to Plaintiff's claim, such as the *Rooker-Feldman* doctrine, and because Plaintiff's federal claims fail for other reasons, the Court need not address the threshold issues further at the initial review stage.

Plaintiff asserts that Defendants violated her right to due process by coercing her to take certain actions to protect or regain custody of her children, by failing to respond to her inquiries, and by failing to mail to the correct address the notice of findings of neglect. The Fourteenth Amendment prohibits state deprivations of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. This protection has both substantive and procedural components. *Amsden v. Moran*, 904 F.2d 748, 753–54 (1st Cir. 1990). In either context, "a plaintiff, as a condition precedent to stating a valid claim, must exhibit a

---

or involves a common nucleus of operative facts" as an earlier suit, "the earlier suit's judgment prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.*, 590 U.S. 405, 412 (2020) (cleaned up).

constitutionally protected interest in life, liberty, or property." *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 8 (1st Cir. 2005).

The procedural component of the due process guarantee "normally requires notice and an opportunity for some kind of hearing," but "[w]hether the opportunity needs to be furnished before the seizure or whether a post-seizure opportunity is sufficient depends on the circumstances." *Herwins v. City of Revere*, 163 F.3d 15, 18 (1st Cir. 1998) (quotation marks omitted). "The substantive component of the Due Process Clause is violated by executive action when it can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." *Espinoza v. Sabol*, 558 F.3d 83, 87 (1st Cir. 2009) (quotation omitted); *see also Pagan v. Calderon*, 448 F.3d 16, 32 (1st Cir. 2006) (conduct must be "extreme and egregious," "truly outrageous, uncivilized, and intolerable," "stunning").

Plaintiff's assertion of inadequate communication and pressure to grant temporary guardianship to her brother to avoid the possibility of further custody proceedings does not support a substantive due process or procedural due process claim. The alleged conduct cannot be viewed as "conscience shocking, in a constitutional sense" as is required for a substantive due process violation. As to the procedural due process claim, because Plaintiff does not allege any adverse consequences (e.g., the loss of custody) that resulted from the alleged failure to respond or the mailing error, and because Plaintiff's right to appeal from the administrative determination was not impacted by the mailing/notice error, Plaintiff has not alleged the deprivation of a legally recognized liberty or property interest that is causally related to Defendants' alleged mailing/notice error and their alleged failure to respond to Plaintiff's inquiries.

6

Furthermore, Plaintiff's constitutional claims against DHHS fail because the State of Maine and its agencies have sovereign immunity. State agencies are not considered persons under 42 U.S.C. § 1983, *Will v. Michigan Department of State Police,* 491 U.S. 58, 64 (1989), and under the doctrine of sovereign immunity exemplified by the Eleventh Amendment, states and state agencies may not be sued by citizens in federal court, regardless of the form of relief requested. *Poirier v. Mass. Department of Corrections*, 558 F.3d 92, 97 n.6 (1st Cir. 2009). Plaintiff's procedural due process allegations against the DHHS employees also implicate the Supreme Court's reasoning in *Parratt v. Taylor*, 451 U.S. 527 (1981), *Hudson v. Palmer*, 468 U.S. 517 (1984), and *Zinermon v. Burch*, 494 U.S. 113 (1990). The so-called *Parratt-Hudson* doctrine provides:

> So long as a state has not set up a scheme so open-ended it invites unwarranted uses of summary process, *see Zinermon*, 494 U.S. at 138, and so long as a state provides an adequate after-the-fact remedy for any wrongful summary action, *see Parratt*, 451 U.S. at 543–44, allegations of the kind of "random and unauthorized" mistakes in application that those who work in government sometimes make are not enough to state a procedural due process claim, *Hudson*, 468 U.S. at 533.

*South Commons Condominium Association v. Charlie Arment Trucking, Inc.*, 775 F.3d 82, 89 (1st Cir. 2014) (alternate citations omitted). Plaintiff has not alleged an actionable procedural due process claim because (1) Plaintiff does not challenge the adequacy of the procedures provided by a state or local policy or rule, and (2) Plaintiff does not allege the absence of state remedies for the alleged violation, which remedies are evidently available.

Plaintiff also asserts that the individuals named as defendants retaliated against her for the inquiries of and complaints to their superiors. To state a First Amendment retaliation claim, a plaintiff "must show that [the plaintiff] engaged in protected activity,

that defendants took an adverse action against [the plaintiff] that would deter a [person] of ordinary firmness from continuing to engage in that conduct, and that there is a causal link between the protected activity and the adverse action." *Turner v. Wall*, No. 18-1869, 2020 WL 5543935, at *1 (1st Cir. May 5, 2020).

Plaintiff has arguably alleged facts that would support a finding that she engaged in protected conduct and that she suffered an adverse consequence—a restriction on her contact with her children. Plaintiff, however, has not alleged sufficient facts to support a finding that she suffered the adverse consequence due to the complaints rather than for other reasons. First, Plaintiff provides few details regarding the substance of her complaints and thus an inference of retaliation is not apparent. Furthermore, Plaintiff alleges she was deprived of contact with her children before she made the complaints. Without more, "the Complaint does not 'support a fact-based inference' that the . . . Defendants' actions were anything other than routine actions undertaken by [government] officials in the exercise of their responsibilities." *Powell v. City of Pittsfield*, No. CV 18-30146-MGM, 2020 WL 7700123, at *10 (D. Mass. June 29, 2020) (assuming adverse consequences followed protected speech but there was insufficient support to infer retaliatory motive) (quoting *Campagna v. Massachusetts Department of Environmental Protection*, 334 F.3d 150, 155 (1st Cir. 2003 and citing *Air Sunshine, Inc. v. Carl*, 663 F.3d 27, 36 (1st Cir. 2011)).

Plaintiff also seeks relief under the Americans with Disabilities Act (ADA) and the Rehabilitation Act of 1973. The ADA and Rehabilitation Act "provide, in nearly identical language, that no qualified individual with a disability shall, by reason of such disability,

8

be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Nunes v. Mass. Department of Corrections*, 766 F.3d 136, 144 (1st Cir. 2014) (quotation marks omitted).[4] "To state a claim for [disability discrimination], a plaintiff must allege: (1) that [the plaintiff] is a qualified individual with a disability; (2) that [the plaintiff] was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits or discrimination was by reason of [the plaintiff's] disability." *Toledo v. Sanchez*, 454 F.3d 24, 31 (1st Cir. 2006). Assuming Plaintiff's allegations regarding her substance use were sufficient to establish that she suffers from a disability, the claim under the ADA and Rehabilitation Act still fails because there are no facts from which a fact finder could plausibly infer that Defendants acted out of discriminatory animus or failed to provide a requested reasonable accommodation.

Finally, Plaintiff alleges a state tort claim for negligence. Even assuming there is no *Rooker-Feldman* or preclusion obstacle, dismissal is warranted because it would not be appropriate for the Court to exercise supplemental jurisdiction over the alleged state law claim in the absence of a surviving federal claim. *See Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of

---

[4] Title II prohibits such conduct by public entities. 42 U.S.C. § 12132. Title III prohibits discrimination in places of public accommodation. 42 U.S.C. § 12182(a). Section 504 of the Rehabilitation Act prohibits discrimination under any program or activity receiving federal financial assistance. 29 U.S.C. § 794(a).

9

a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims").

In sum, dismissal of the matter is warranted.

## CONCLUSION

After a review of Plaintiff's amended complaint in accordance with 28 U.S.C. § 1915, for the reasons explained herein, I recommend the Court dismiss the matter.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of February, 2026.